# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SYLVESTER LEON TAYLOR III,**

                  **Plaintiff,**

**-vs-**                                            **Case No.  6:13-cv-1598-Orl-DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

                  **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's applications for a period of disability, Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits.  For the following reasons, the administrative decision is **AFFIRMED.**

## Procedural History

Plaintiff applied for SSI and SSDI benefits, alleging that he became unable to work on September 15, 2005 (R. 139, 148).[1] The agency denied Plaintiff's applications initially and upon reconsideration, and he requested and received a hearing before an administrative law judge ("the ALJ").  The ALJ issued an unfavorable decision, finding Plaintiff to be not disabled (R. 18-34).  The Appeals Council declined to grant review (R. 1-7), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.  The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

_____

[1]Due to a denial of a prior application, the ALJ determined that the relevant period of time for purposes of this application is December 20, 2007 onward (R. 21).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to "arthritis in the neck, back and knee; sleep apnea; high blood pressure and cholesterol; mild scoliosis; and mild facet arthropathy" (R. 172).

### *Summary of Evidence Before the ALJ*

Plaintiff was forty six years old at the date of decision, with a twelfth grade education[2] and past relevant work as a driver, laborer, and order picker (R. 139, 171-173).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from a non-examining consultant. By way of summary, the ALJ determined that Plaintiff had the severe impairments of disorders of the spine, obesity, right knee degenerative joint disease ("DJD"), hypertension, and obstructive sleep apnea (20 CPR 404.1520(c) and 416.920(c)) (R. 23); and the record supports this uncontested finding. The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 24). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a range of light work except:

> with a need to change positions between sitting and standing at will and no more than occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. He should avoid climbing ladders, ropes, and scaffolds and concentrated exposure to heat/cold, humidity, vibrations, and hazards (machinery, heights, etc.).

(R. 24).

---

[2]The record contains contradictory information regarding Plaintiff's education. *Compare* R. 173 (indicating no special education classes) with R. 39 (indicating a special education diploma). The ALJ determined that Plaintiff has a "limited education." (R. 27).

The ALJ determined that Plaintiff could not return to his past relevant work (R. 27); however, with the assistance of the Vocational Expert, the ALJ found that other work existed in significant numbers that Plaintiff could perform (R. 27-28) and, therefore, the ALJ found Plaintiff was not disabled.

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff asserts three objections to the administrative decision, contending that: 1) the ALJ erred in analyzing Plaintiff's credibility; 2) the ALJ erred in relying on the testimony of the Vocational Expert after posing a hypothetical question that did not adequately reflect the limitations

of the claimant; and 3) the finding that the claimant was capable of a reduced range of light work is not supported by substantial evidence.

### The five step assessment

The Court reviews Plaintiff's objections in the context of the five step sequential evaluation that the ALJ must follow in evaluating a claim of disability.  *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### Credibility

In formulating the residual functional capacity at Steps 2-4, the ALJ evaluated Plaintiff's credibility, concluding that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" the RFC (R. 25). Plaintiff contends that the ALJ "provided inadequate reasons and bases for rejecting the Plaintiff's testimony" (Doc. 25, p. 17).

When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).   If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d); *Mack v. Commissioner of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011).

After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).   A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ articulated numerous findings to support the credibility conclusion.   The ALJ noted that objective evidence did not support the alleged severity of the impairments, and throughly analyzed that evidence with respect to each alleged impairment (R. 25-26).   The ALJ also noted Plaintiff's conservative course of treatment; discussed Plaintiff's active level of functioning; and identified specific evidence contrary to the allegations of severity. *Id.* Further, the ALJ took note of the results of a comprehensive vocational rehabilitation evaluation, in which the vocational specialist

identified transferrable skills acquired by Plaintiff in his prior work and identified jobs that he could

perform. *Id.* These articulated grounds are supported by the record evidence cited by the ALJ.[3]

**Hypothetical Question**

Plaintiff next objects to the finding at Step 5 of the sequential evaluation.  At the hearing, the

ALJ asked the Vocational Expert whether a hypothetical individual with the same age, education,

work experience, and residual functional capacity as Plaintiff could adjust to other work (R. 67-68).

In response, the expert testified that such a hypothetical individual could perform the job of small

parts assembler, warehouse checker, and ticket taker (R. 68). Plaintiff contends that the ALJ erred in

relying on the testimony of the Vocational Expert, because there are "additional relevant and

substantial physical exertional and nonexertional restrictions which were not presented to the to the

Vocational Expert in the form of a hypothetical;" specifically, Plaintiff's alleged need for daytime

naps due to his sleep apnea and difficulties with the use of his hands.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must

pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*,

284 F.3d 1219, 1227 (11th Cir. 2002).  An ALJ, however,  is "not required to include findings in the

hypothetical that the ALJ [has] properly rejected as unsupported."  *Crawford v. Commissioner of

Social Sec.,* 363 F. 3d 1155, 1161 (11th Cir. 2004).

Applied here, the ALJ acknowledged Plaintiff's obstructive sleep apnea (OSA), but discounted

any limitations arising from the condition greater than those set forth in the RFC, explaining:

> In terms of the claimant's OSA, a polysomnograph study was performed in 2006 and
> again in 2009. In 2006, he was instructed to use a CPAP machine at night, which he
> used sporadically and noticed some improvement. Following testing in 2009, he was
> switched to BIPAP. Though the claimant has not always been compliant with his
> prescribed treatment, it is noted that he improved when compliant. (Exhibit lF/3, 4, 6,

---

[3]Plaintiff's assertion that there is "significant objective medical evidence to support his complaints of pain and restrictions in movement" misses the mark.  The issue is not whether there is evidence sufficient to support a different finding; the issue is whether or not substantial evidence supports *this* one.  As the ALJ adequately articulated his credibility finding and that finding is well supported by the specific evidence cited by the ALJ, it will not be disturbed. *Foote,* 67 F.3d at 1562.

8, 11) The RFC accounts for the claimant's OSA by limiting his exposure to irritants, hazards, and certain postural motions. **Furthermore, the claimant even testified that he gets up to 8 hours of sleep per day despite his OSA**.

(R. 26 emphasis added).  This explanation is supported by the substantial evidence cited.

With respect to limitations arising from use of his hands, the ALJ noted Plaintiff's testimony that he "drops objects because of a pinched nerve in his neck" and "experiences tingling in his hands and feet" (R. 25).   While the ALJ did not explicitly discuss "hand limitations" as a separate impairment, to the extent these limitations arise from the alleged spine disorder the ALJ evaluated Plaintiff's disorder in detail and accommodated any limitations found to arise from this condition, noting:

> Diagnostic findings, dating back to 2006, revealed degenerative disc disease ("DDD") of the cervical spine with no cord compression (Exhibit 6F/3), mild DDD of the thoracic spine (Exhibit 6F/3), and DDD of the lumbar spine. (Exhibit 6F; 20F/5) An MRI of the claimant's lumbar spine in November 2011 revealed moderate bilateral facet arthropathy and minimal desiccation. (Exhibit 16F/4) Xrays of the spine have revealed no significant abnormalities. (Exhibits 7F; 15F) Aggressive treatment was not advised given the **minimal diagnostic findings, normal gait, and normal sensation and motor function in the upper extremities**. (Exhibit 10F/2) **The claimant's limitations arising from his back disorders are accounted for in the light RFC above**.

(R. 26 emphasis supplied). [4] As there is no obligation to include in the hypothetical limitations which the ALJ did not find to exist, and, as discussed above, the ALJ adequately evaluated Plaintiff's limitations, there is no error.

**Substantial Evidence**

---

[4]Additionally, as noted earlier, the ALJ also referenced the report of a vocational evaluator in his decision.  As part of the vocational evaluation, Plaintiff underwent comprehensive testing, which included manual dexterity aptitude (R. 276-289). During the testing, Plaintiff reported tingling in his left hand (R. 280) and, while his manual dexterity score was above average, his finger dexterity was below average (R. 279).  Nonetheless, based on the testing, the evaluator identified numerous jobs that Plaintiff could perform, opining: "At this time he should be able to use transferable skills for warehouse positions such as forklift operator, or in the field of assembly/production." (R. 285). This, too, supports the ALJ's implicit credibility determination that Plaintiff's hand difficulties presented no limitations not found in the RFC.

The final contention by Plaintiff is that the RFC determination of the ALJ is not supported by substantial evidence, in view of Plaintiff's interpretation of the evidence of record.[5]  As noted above, however, the issue is not whether an alternative decision can be supported by the record, but whether *this* decision is.  To the extent Plaintiff's objection is simply meant to suggest that the evidence could support a different finding,  "[i]f the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).  Here, the ALJ provided a detailed analysis of the evidence of record and his conclusions are supported by the evidence he cites.   "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).  As the Court finds the decision meets the legal standard, no error is shown.

A final note is in order.  The Court has no doubt that Plaintiff is experiencing genuine difficulties and challenges.  However, the law defines disability as the inability to do *any* substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.  The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in

---

[5]In addition to arguing that the evidence supports a finding that Plaintiff is not capable of even a reduced range of light work, Plaintiff offers a variety of alternate explanations regarding some of the ALJ's findings, noting, *i.e.,* that "it may be that he failed to lose weight as he could not exercise due to pain;" "there may have been some reasons as to why he did not [follow up with pain management];" and he "may not have been able to complete the therapy due to the accident." (Brief).  Plaintiff points to no *evidence* of these alternate interpretations, however, and, as such, these assertions are merely speculation.

accordance with proper legal standards.  As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence.  It is therefore **AFFIRMED.**  The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on December 19, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record